S10Y0590. IN THE MATTER OF GARY ALLEN MOSS.
(700 SE2d 540)

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline filed by the Office of General Counsel of the State Bar of Georgia, at the direction of the Investigative Panel of the State Disciplinary Board. The State Bar seeks the disbarment of Gary Allen Moss,[1] who is currently suspended from the practice of law in Georgia, following the State Disciplinary Board's investigation of Moss in response to a grievance filed by a client. The client, a collection agency, asserted Moss had not remitted to the client funds he had collected on behalf of the client and had not responded to repeated messages left by the client. The State Bar seeks disbarment of Moss for his purported violations of a number of rules of professional conduct found in Rule 4-102 (d) of the Rules and Regulations of the State Bar of Georgia. See Rules 1.2 (a),[2]

---

[1] State Bar No. 002650.

[2] A lawyer shall abide by a client's decisions concerning the objectives of representation,

1.3,[3] 1.4,[4] 1.15 (I),[5] 1.15 (II),[6] 1.16,[7] and 9.3.[8] The maximum sanction for a violation of Rules 1.2, 1.3, 1.15 (I), and 1.15 (II) is disbarment, and the maximum sanction for a violation of Rules 1.4, 1.16, and 9.3 is a public reprimand.

The Investigative Panel found that Moss acknowledged service of the Notice of Investigation but failed to file the response required by Rule 4-204.3 (a). Based upon Moss's failure to respond, this Court suspended him from the practice of law on September 11, 2009. See Bar Rule 4-204.3 (d) (2). Upon finding probable cause, the Investigative Panel issued a Notice of Discipline (see Rule 4-208.1 (a)), which the State Bar attempted to serve on Moss personally at the address listed with the Membership Department of the State Bar. See Rule 4-203.1 (a). When the sheriff filed a return of service non est inventus with the notation that the office suite was vacant, the State Bar properly served Moss by publication pursuant to Rule 4-203.1 (b) (3) (ii). Having failed to file a Notice of Rejection of the Notice of Discipline, Moss is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Moss's default, show that the client which filed the grievance retained Moss to represent it in collection matters on an on-going basis. Moss received money on behalf of the company through garnishment actions and directly from individuals and was to remit the company's portion of those collections on a monthly basis. However, even though Moss continued to collect money on behalf of the company, he ceased remitting the company's portion to it around September 2008 and has failed to

---

shall consult with the client as to the means by which the objectives are to be pursued, and shall abide by a client's decision whether to accept an offer of settlement.

[3] A lawyer shall act with reasonable diligence and promptness in representing a client and shall not wilfully abandon or disregard a legal matter entrusted to the lawyer.

[4] A lawyer shall keep the client reasonably informed about the status of matters and shall promptly comply with reasonable requests for information.

[5] A lawyer who receives funds in which a client has an interest shall promptly deliver the funds to the client, and where both lawyer and client have an interest in the funds, the funds shall be kept separate until there is an accounting and severance of interests.

[6] All funds held by a lawyer for a client shall be deposited in and administered from a trust account; a lawyer shall not commingle personal funds in that account; records of a trust account shall reflect at all times the balance held for each client; and a lawyer shall not withdraw funds from such trust account for the lawyer's personal use except earned attorney's fees.

[7] Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned.

[8] During a grievance investigation, a lawyer shall respond to disciplinary authorities in accordance with State Bar Rules.

account for the funds collected since that time. Moss commingled the company's funds with his own and converted company funds to his own use, he failed to respond to calls made by the president and other employees of the company, and he failed to return the company's files as requested. The Investigative Panel found as aggravating factors that Moss acted willfully, dishonestly, and with a selfish motive. See Rule 4-208.2 (a) (4).

Having reviewed the record, we agree with the State Bar that disbarment is the appropriate sanction in this case. Therefore, it is hereby ordered that the name of Gary Allen Moss be removed from the rolls of persons authorized to practice law in the State of Georgia. Moss is reminded of his duties pursuant to Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 20, 2010.

*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.